Peter K. Chu (SBN 251705)
*Peter.Chu@wilsonelser.com*
Jura C. Zibas (SBN 217864)
*Jura.Zibas@wilsonelser.com*
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
SPORTSEDTV, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICK BALESTRIERI, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>SPORTSEDTV, INC., and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: 3:25-cv-04046-SK<br>Hon. Sallie Kim, presiding<br>Courtroom C – 15th Floor,<br>San Francisco Courthouse<br><br>Complaint filed: May 9, 2025<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**<br><br>Date: August 18, 2025<br>Time: 9:30 a.m.<br>Courtroom: Courtroom C – 15th Floor via Zoom |

**TO THIS COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201(b), Defendant SportsEdTV, Inc. respectfully requests that the Court take judicial notice of Exhibits A, B.1 – 5, C and D to the Declaration of Victor Bergonzoli ("Bergonzoli Decl."), Exhibit E to Declaration of Lou Mazzucchelli ("Mazzucchelli Decl.") and Exhibits F and G to Declaration of Peter K. Chu ("Chu Decl.") in support of its Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(6), and Motion to Dismiss under Forum Non Conveniens or, in the alternative, to Transfer Venue under 28 U.S.C. §1404(a).

## I. DOCUMENTS AT ISSUE

The following is the description of each exhibits for which Defendant request this Court take judicial notice:

Attached to the Declaration of Victor Bergonzoli

- Exh. A: A true and correct copy of the webpage "ABOUT SportsEdTV" from Defendant's website https://sportsedtv.com/, (the "Website") as last viewed on July 9, 2025.
- Exh. B.1 – B.5: A true and correct copy of the multiple webpages from Defendant's Website, which shows the links to Defendant's "Terms & Conditions" and "Privacy" as last viewed on July 9, 2025.
- Exh. C: A true and correct copy of the "Terms and Conditions" from Defendant's Website, as last viewed on July 9, 2025.
- Exh. D: A true and correct copy of the "Privacy Policy" from Defendant's Website, as last viewed on July 9, 2025.

Attached to Declaration of Lou Mazzucchelli

- Exh. E: A true and correct copy of the programming scripts on the Website that inserted the Facebook pixel.

Attached to Declaration of Peter K. Chu

- Exh. F: A true and correct copy of the screen shot from the web page of the website

from Meta Platforms, Inc. ("Facebook" or "Meta"): https://developers.facebook.com/docs/meta-pixel/, as last viewed on July 10, 2025.

- Exh. F: A true and correct copy of the screen shot from the web page of Meta: https://developers.facebook.com/docs/meta-pixel/implementation/conversion-tracking/ as last viewed on July 10, 2025.

## II. DISCUSSION

In this purported class action Complaint, Plaintiff Nick Balestrieri alleges that Defendant SportsEdTV violated the Video Privacy Protection Act ("VPPA") 18 U.S.C § 2710 and California Invasion of Privacy Act ("CIPA") under Cal. Pen. Code §631(a) by knowingly disclosing to Meta, the personally identifiable information and video-watching history of Plaintiff and the putative class members from the Website, using the Facebook pixel, also known as "Meta Pixel", without their knowledge or consent. (Complaint, ¶1.)

Defendant filed a motion to dismiss the Complaint by dismissing VPPA pursuant to Fed. R. Civ. P. 12(b)(1) and dismissing VPPA and CIPA pursuant to Fed. R. Civ. P. 12(b)(6) (the "Rule 12(b)(1) Motion" and "Rule 12(b)(6) Motion," respectively and "Rule 12 Motion," collectively).

In a separate motion related to venue, Defendant filed the following motions challenging the venue under forum non conveniens and under 28 U.S.C. §1404(a) (collectively "Venue Motion").

In ruling on Rule 12(b)(1) and the Venue Motion, the Court may consider evidence outside the pleading. (*McCarthy v. United States* (9th Cir. 1988) 850 F.2d 558, 560 [Rule 12(b)(1) Motion]; *Carijano v. Occidental Petroleum Corp.* (9th Cir. 2011) 643 F.3d 1216, 1225 (motion to dismiss under forum non conveniens; and see also *Petersen v. Boeing Co.* (9th Cir. 2013) 715 F.3d 276, 279.)

For a motion brought under Rule 12(b)(6), generally district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint (*Lee v. City of L.A.* (9th Cir. 2001) 250 F.3d 668, 688.) When matters outside the pleadings are considered, the 12(b)(6) motion converts into a motion for summary judgment. (*Khoja v. Orexigen Therapeutics, Inc*. (9th Cir. 2018); 899 F.3d 988, 998.) However, "this rule does not apply to the incorporation

by reference doctrine and judicial notice under Federal Rule of Evidence 201." (Id.)

Documents incorporated by reference include those that a complaint refers "extensively to" or that "for[m] the basis of the plaintiff's claim." (*Khoja*, at 1002 [quoting *United States v. Ritchie* (9th Cir. 2003) 342 F.3d 903, 907]) and the documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested, (*Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F.3d 1031, 1038.

This Court may take judicial notice of fact that is not subject to reasonable dispute if it "(1) is generally known within the trial court's territorial jurisdiction" or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Fed. R. Evid. 201(b).) Furthermore, a court may take judicial notice of "publicly accessible websites" whose accuracy and authenticity are not subject to dispute. (*Daniels-Hall v. Nat'l Educ. Ass'n* (9th Cir. 2010) 629 F.3d 992, 998-99.)

Here, Defendant request that the Court take judicial notice of the webpages on Defendant's website, the screen shots on Meta's website, and the codes that insert the subject Facebook pixel in Defendant' Website that forms the basis of this litigation.

**A. <u>The Webpages from Defendant's Websites (Exh. A, B.1-B.5, C, and D)</u>**

Defendant requests that the Court consider the webpages from Defendant's website. These webpages are "publicly accessible websites whose accuracy and authenticity are not subject to dispute" as they were viewed on July 10, 2025 from the Defendant's Website. Further, the gravamen of Plaintiff's Complaint is that the history of his viewing information of the videos on Plaintiff's Website was allegedly transmitted to Facebook. Plaintiff further brings the issue of the availability and the terms of Defendant's privacy policy in the Complaint. (Complaint, ¶13.) Defendant's Privacy Policy is available at <u>www.SportsEdTV.com/privacy-policy</u> but also can be accessed from the link widely available on the Website. Therefore, Defendant respectfully request this Court take judicial notice of Exh. A, B.1-B.5, C, and D, the webpages from Defendant's Website.

**B. <u>The Programming Script for the Facebook Pixel (Exhibit E)</u>**

This Court should take judicial notice of the computer codes in Exh. E, which are the the

programming scripts of the Facebook pixel deployed on the Defendant's Website. The Facebook pixel codes are incorporated by reference in the Complaint. A document is incorporated by reference where it "forms the basis of the plaintiff's claim" or where the plaintiff's claims "necessarily depend on" the documents. (*Khoja*, 899 F.3d at 1002.)

Plaintiff himself alleges that "The Facebook pixel is a **piece of code** Defendant installed on the Website," (Complaint, ¶3 [emphasis added].) Plaintiff also alleges that "[t]he Facebook pixel is used to "read or learn the contents or meaning of messages, reports, or communication" between Plaintiff (and the class members) and Defendant. (Id., ¶38.)

Plaintiff's theory of liability of violation of VPPA necessarily depends on the script that execute the Facebook pixel. Plaintiff alleges that Defendant uses this piece of code to track the behavior of Website users. (Complaint, ¶3.) Further, Plaintiff alleges the violation of VPPA occurs because the Facebook pixel collects the user's Facebook ID and the title of each video the user watches and sends that information to Facebook. (Id.) This allegation summarizes the entirety of Plaintiff's claim for VPPA violation. Plaintiff's CIPA claim relies completely on the Facebook pixel also. (Id., ¶39 ["By means of the Facebook pixel…].) The programming codes in Exh. E are heavily incorporated by reference and Plaintiff must rely on the codes to advance his arguments.

Further, the authenticity and accuracy are supported by Defendant's Chief Technology Officer Lou Mazzucchelli (Mazzucchelli Decl., ¶¶ 5 and 6.) Also, each code includes a references to the referrer URL on Defendant's Website, for example, "/'tim-hardway-s-crossover-dribbling-series.'" Plaintiff alleges that his watched a video titled "Signature Move Series—Tim Hardaway's Killer Crossover," the title of which the Facebook pixel transmitted to Facebook. (Complaint, ¶12.) Therefore, Defendant respectfully request this Court take judicial notice of the codes in Exh. E.

**C. <u>The Webpages from Meta's Website (Exh. F and G)</u>**

This Court should take judicial notice of Exh. F and G, the screenshots from Meta or Facebook's website as these screen shots' accuracy and authenticity are not subject to dispute and they are incorporated by reference into the Complaint. Facebook or Meta makes its Facebook pixel available to public. These screen shots are taken from Facebook's own website on July 10,2025, explaining the functions of its own product the Facebook pixel. Further, the Facebook pixel, which

is a piece of code (Complaint, ¶3.) should be considered to be incorporated into the Complaint. The term "Facebook pixel" appears 14 times in basically eight-page Complaint. Plaintiff discusses the function and capability of Facebook pixel several places in the Complaint. (Complaint, ¶¶3, 9, 10, 11, 12, 15, 38, 39, and 40.) Therefore, any documents discussing the nature, function, and capability of the Facebook pixel, as Exh. F and G do, should be considered incorporated into the Complaint and as they form the basis of Plaintiff's theory of liability.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Court consider Exh. A, B.1-B.5, C, and D (filed concurrently with Bergonzoli Decl.), E (filed concurrently with Mazzucchelli Decl.), and F and G (filed concurrently with Chu Decl.) in its adjudication of the Rule 12 Motion and the Venue Motion.

Dated: July 11, 2025

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Peter K. Chu
Peter K. Chu
Jura C. Zibas
Attorney for Defendant
SPORTSEDTV, INC.