UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICK BALESTRIERI,

    Plaintiff,

v.

SPORTSEDTV, INC.,

    Defendant.

Case No. 25-cv-04046-SK

**NOTICE OF QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON September 15, 2025, at 9:30 A.M. The Court intends to address the questions below at the hearing. The Court advises the parties that it will not accept written answers to the question.

1. In what way, if any, does the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), affect or modify the Ninth Circuit's analysis of Article III standing in *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017)? Please consider *Popa v. Microsoft Corp.*, __F.4th__, 2025 WL 2448824 (9th Cir. Aug. 26, 2025) in your response.

2. *This question is directed toward Defendant:* On what basis does Defendant distinguish standing on the VPPA claim and the CIPA claim? Stated otherwise, why does Defendant contest Article III standing to bring the VPPA claim but not the CIPA claim?

3. Some courts have held that Facebook IDs are plausibly PII only if the plaintiffs also allege that their Facebook pages included information that could be used to readily identify them and/or are publicly accessible. *E.g., Heerde v. Learfield Commc'ns, LLC*, 741 F. Supp. 3d 849, 857-58 (C.D. Cal. 2024). Other courts have rejected a

"granular test." *E.g., Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 853 (N.D. Cal. 2022).  A third camp appears to have accepted as common knowledge that "[a] Facebook ID is a unique identifier that allows anyone to discover the user's identity" regardless of the allegations in the complaint.  *E.g., Belozerov v. Gannett Co.*, 646 F. Supp. 3d 310, 314 (D. Mass. 2022).  What is the best-reasoned approach?

**IT IS SO ORDERED**.

Dated: September 12, 2025



SALLIE KIM
United States Magistrate Judge