Jura C. Zibas (SBN 217864)
*Jura.Zibas@wilsonelser.com*
Peter K. Chu (SBN 251705)
*Peter.Chu@wilsonelser.com*
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
SPORTSEDTV, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICK BALESTRIERI, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br><br>SPORTSEDTV, INC., and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: 3:25-cv-04046-SK<br>Hon. Sallie Kim, presiding<br>Courtroom C – 15th Floor,<br>San Francisco Courthouse<br><br>Complaint filed: May 9, 2025<br><br>**DEFENDANT SPORTSEDTV, INC.'S ANSWER TO COMPLAINT** |

Defendant SportsEdTV, Inc. ("Defendant,"), in answer to Complaint by Nick Balestrieri and the members of putative class (collectively "Plaintiff") alleges as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of Complaint, said paragraph states unsupported conclusion of Plaintiff. To the extent a response to Paragraph 1 of Complaint is required, Defendant denies it violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") or California law and denies any and all the factual allegations of wrongdoing by Defendant in said paragraph.

2. Answering Paragraph 2 of Complaint, said paragraph is a statement of law, and no response is required. To the extent a response is required, Defendant denies it violated the VPPA or California law and denies any and all the factual allegations of wrongdoing by Defendant in the

paragraph.

3. Answering Paragraph 3 of Complaint, Defendant denies any and all factual allegations of wrongful conduct against Defendant.

4. Answering Paragraph 4 of Complaint, Defendant denies.

**JURISDICTION AND VENUE**

5. Answering Paragraph 5 of Complaint, said paragraph states a conclusion of law, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to claim that this Court has federal subject matter jurisdiction over the VPPA and 28 U.S.C. §1367(a) permits this Court to exercise supplemental jurisdiction. Notwithstanding the foregoing, Defendant denies Plaintiff has subject matter jurisdiction for lack of Article III standing. Defendants also denies any and all factual allegations of wrongdoing by Defendant therein.

6. Answering Paragraph 6 said paragraph states a conclusion of law, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to claim that Defendant does business and is subject to personal jurisdiction in the Central District where this Court sits and that the venue is proper in the Central District. Defendant denies any and all factual allegations of wrongdoing by Defendant therein.

**PARTIES**

7. Answering Paragraph 7, said paragraph states unsupported conclusion of Plaintiff. To the extent a response to said paragraph of Complaint is required, Defendant denies it violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") or California Invasion of Privacy Act ("CIPA") and denies any factual allegations made against Defendant. Defendant also lacks sufficient knowledge and information to form a belief as to the truth of the allegations about Plaintiff or his conduct contained in this paragraph, and on that basis denies all of the allegations contained therein.

8. Answering Paragraph 8, Defendant admits to the extent that it is a Florida corporation with its principal place of business in Miami, Florida and the website https://sportsedtv.com/ ("the Website") provides instructional videos on various sports for free.

**FACTUAL ALLEGATIONS**

9. Answering Paragraph 9, said paragraph states unsupported conclusion of Plaintiff, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations about Plaintiff or his conduct contained in this paragraph, and on that basis denies the allegations contained therein. Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

10. Answering Paragraph 10, Defendant denies.

11. Answering Paragraph 11, said paragraph states unsupported conclusion of Plaintiff, to which no response is required. To the extent a response to said paragraph of Complaint is required, Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

12. Answering Paragraph 12, Defendant denies.

13. Answering Paragraph 13, Defendant denies.

14. Answering Paragraph 14, said paragraph contains statement of law, to which no response is required. Defendant further denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

15. Answering Paragraph 15, said paragraph contains statement of law and unsupported legal conclusion of Plaintiff, to which no response is required. To the extent a response is required, Defendant denies the statute of limitations for the VPPA or CIPA violation commenced on the date this Complaint was filed.

**CLASS ACTION ALLEGATIONS**

16. Answering Paragraph 16, Defendant admits to the extent that Plaintiff purports to brings this action as a class action and Plaintiff assert a definition of “the Class.” Defendant denies any remaining allegations in this paragraph and specifically denies that certification of any class is appropriate in this action.

17. Answering Paragraph 17, Defendant admits to the extent that Plaintiff purports to brings this action as a class action and assert a definition of the “Subclass.” Defendant denies any remaining allegations in this paragraph and specifically denies that certification of any class is

appropriate in this action.

18. Answering Paragraph 18, said paragraph contains a statement of law to which no response is required. Defendant admits to the extent that Plaintiff purports to exclude from the Class and Subclass Defendant, their past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns and any entity in which any of them have a controlling interest, as well as all judicial officers assigned to this case but denies any and all allegations of wrongdoing by Defendant in the paragraph.

19. Answering Paragraph 19, Defendant denies the allegation that "the Class and Subclass are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that each of the Class and Subclass consists of thousands of members. Defendant denies any and all allegations of wrongdoing by Defendant in the paragraph.

20. Answering Paragraph 20, said paragraph states unsupported conclusion of Plaintiff, to which no response is required. To the extent a response to said paragraph of Complaint is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and on that basis denied these allegations. Defendant further denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

21. Answering Paragraph 21, said paragraph states legal conclusion of Plaintiff, to which no response is required. To the extent a response to said paragraph of Complaint is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and on that basis denied these allegations. Defendant further denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

22. Answering Paragraph 22, said paragraph states unsupported conclusion of law and facts of Plaintiff, to which no response is required. To the extent a response to said paragraph of Complaint is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and on that basis denied these allegations. Defendant further denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

23. Answering Paragraph 23, said paragraph states unsupported common questions of law and fact from Plaintiff, to which no response is required. To the extent a response to said

paragraph of Complaint is required, Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph and the subparagraphs a to d.

24. Answering Paragraph 24, said paragraph states unsupported conclusion of law and fact from Plaintiff, to which no response is required. To the extent a response to said paragraph of Complaint is required, Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

25. Answering Paragraph 25, Defendant reincorporates by reference all of the preceding paragraphs.

26. Answering Paragraph 26, said paragraph is a statement of law, to which no response is required. Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

27. Answering Paragraph 27, said paragraph is a statement of law, to which no response is required. Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

28. Answering Paragraph 28, said paragraph is a statement of law, to which no response is required. Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

29. Answering Paragraph 29, said paragraph is a statement of law, to which no response is required. Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

30. Answering Paragraph 30, Defendant denies.

31. Answering Paragraph 31, said paragraph includes a statement of law, to which no response is required. Defendant also lacks sufficient knowledge and information to form a belief as to the truth of the allegations about Plaintiff or his conduct contained in this paragraph, and on that basis denies all of the allegations contained therein.

32. Answering Paragraph 32, said paragraph includes a statement of law, to which no response is required. Defendant denies any and all other factual allegations of wrongdoing.

33. Answering Paragraph 33, said paragraph includes a statement of law, to which no response is required. Defendant denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

34. Answering Paragraph 34, Defendant denies.

35. Answering Paragraph 35, Defendant denies any factual allegations of wrongdoing by Defendant and denies Plaintiff and/or the Class is entitled to any relief from his Complaint.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

36. Answering Paragraph 36, Defendant reincorporates by reference all of the preceding paragraphs.

37. Answering Paragraph 37, said paragraph contains a statement of law, to which no response is required. Defendant further denies any and all allegations of wrongdoing by Defendant.

38. Answering Paragraph 38, said paragraph contains an unsupported statement or conclusion of Plaintiff, to which no response is required. Defendant further denies any and all allegations of wrongdoing by Defendant.

39. Answering Paragraph 39, said paragraph contains an unsupported statement or conclusion of Plaintiff, to which no response is required. Defendant further denies any and all allegations of wrongdoing by Defendant.

40. Answering Paragraph 40, Defendant denies.

41. Answering Paragraph 41, said paragraph contains an unsupported statement or conclusion of Plaintiff, to which no response is required. Further, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations about Plaintiff or Subclass contained in this paragraph, and on that basis denies the allegations contained therein. Defendant further denies any and all allegations of wrongdoing by Defendant contained in the paragraph.

42. Answering Paragraph 42, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations about the Subclass contained in this paragraph, and on that basis denies the allegations contained therein. Defendant further denies any and all allegations of wrongdoing by Defendant contained in the paragraph

43. Answering Paragraph 43, Defendant denies any factual allegations of wrongdoing by Defendant and denies Plaintiff or the Subclass is entitled to any relief from his Complaint.

**RESPONSE TO PRAYER**

44. With Respect to Plaintiff's PRAYER for relief, Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint or to any other relief against Defendant by virtue of this Complaint. As to any factual allegations against or concerning Defendant, Defendant denies the allegations.

**DEFENSES**

In further answer to Complaint, Defendant asserts the following separate defenses and factual support for each defense on information and belief. By alleging the separate defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendant reserves the right to assert additional facts and to raise additional defenses as they become known to it through discovery or investigation.

**FIRST DEFENSE**

(Failure to State a Claim)

45. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state amy claim upon which relief can be granted, especially since no personally identifiable information was transmitted to third parties, including without limitation.

**SECOND DEFENSE**

(Bona Fide Error / Good Faith)

46. Plaintiff's claims are barred in whole or in part because the alleged violation of the VPPA or CIPA, which Defendant expressly denies, was not intentional and resulted from a bona fide error, including, without limitation, from the operation of the Website or Meta Pixel, the behavior of which was not known to Defendant and Defendant acted in good faith belief that it was acting in conformity with the rules and regulations under the VPPA or CIPA, including,

without limitation, providing the terms and condition of the service to the users.

**THIRD DEFENSE**

(No Injury)

47. Plaintiffs' claims fail to state facts sufficient to establish any injury sustained by Plaintiff as required for standing and for recovery.

**FOURTH DEFENSE**

(Failure to Mitigate)

48. Plaintiff's claims are barred in whole or in part or the remedies are barred or to be reduced because Plaintiff failed to mitigate his damages.

**FIFTH DEFENSE**

(Release, Waiver, and Estoppel)

49. Plaintiff's claims are barred in whole or in part under the doctrine of release, wavier, and estoppel by inducing, undertaking or delaying to act to stop the alleged transmission.

**SIXTH DEFENSE**

(Lack of Standing)

50. Plaintiff's claims are barred in whole or in part as Plaintiff lacks standing to bring this action as pled as he failed to satisfy Article III standing, including, without limitation, a concrete and particularized injury.

**SEVENTH DEFENSE**

(Assumption of Risk)

51. Plaintiff's claims are barred in whole or in part as Plaintiff assumed the risk of the alleged harms and/or alleged transmission of personally identifiable information, which Defendant denies, by knowingly and intentionally logging into Facebook and accessing the Website to induce the alleged transmission of personally identifiable information, which Defendant expressly denies.

**EIGHTH DEFENSE**

(Statute of Limitations)

52. The claims by Plaintiff are barred in whole or in part for failure to bring this action before the expiration of the statute of limitations under the VPPA and/or CIPA.

**NINTH DEFENSE**

(Bad Faith)

53. Plaintiff's claims are barred for bring this action in bad faith or for purpose of harassment or his purely financial gains motivated by reasons, including without limitation, acting purportedly as a "tester," with no intent to use Defendant's Website and its service for the purpose they intended.

**TENTH DEFENSE**

(Laches)

54. Plaintiff is barred by the doctrine of laches from asserting all of the claims in the Complaint for failing to prosecute the claim in a timely manner.

**ELEVENTH DEFENSE**

(Consent and Acquiescence)

55. Plaintiff's claims are barred for bring this action as Plaintiff acquiesced or consented to the conduct about which they now complaint, including knowingly enrolling in the subscription program, with the intent solely to file this Complaint after they consented and/or acquiesced to retention, transmission, and use of his allegedly personally identifiable information, including, without limitation, the video viewing history, under the terms of use and/or privacy policy of Defendant and/or Meta.

**TWELFTH DEFENSE**

(The Party Exception Rule)

56. Plaintiff's claim for CIPA is barred as Defendant is a party to the communication between Plaintiff and Defendant.

**THIRTEENTH DEFENSE**

(Lack of Intent or Knowledge)

57. Plaintiff's claim for the violation of VPPA or CIPA is barred as Defendant had no knowledge or intent that it was disclosing Plaintiff's personally identifiable information, if any, or if it was aiding and abetting of violation of CIPA by Meta.

**FOURTEENTH DEFENSE**

(Ordinary Course of Business)

58. Plaintiffs' claim, in whole or in part, is barred because any disclosure allegedly made by Defendant was made incident to the ordinary course of Defendant's business.

**FIFTEENTH DEFENSE**

(Action of Others)

59. Plaintiffs are not entitled to any recovery from Defendant because any injury allegedly suffered by Plaintiffs was caused in whole or in part by the acts or omissions of persons or entities other than Defendant.

**SIXTEENTH DEFENSE**

(Equitable Indemnity)

60. Any damages or other recovery to which Plaintiffs may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Defendant, whereas any alleged wrongful conduct by Defendant, which Defendant denies, is without negligence of Defendant or was secondary to such other persons or entities. To the extent Defendant is found liable in any amount, Defendant is entitled to complete or partial equitable indemnity from such other parties.

**RESERVATION OF RIGHTS**

61. Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis warrants.

**DEFENDANT'S PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment that:

1. Plaintiff take nothing by reason of Complaint or any claims stated therein;

2. Complaint and each cause of action contained therein be dismissed against Defendant with prejudice;

3. Defendant recover its costs, disbursements, expenses, and attorneys' fees if allowed under the law; and

4. The Court grant such other and further legal and equitable relief as it may deem just and proper.

Dated: October 9, 2025

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Peter K. Chu
Jura C. Zibas
Peter K. Chu
Attorney for Defendant
SPORTSEDTV, INC.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury on all issues in Complaint triable to a jury pursuant to F.R.C.P. Rule 38(b).

Dated: October 9, 2025

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Peter K. Chu
Jura C. Zibas
Peter K. Chu
Attorney for Defendant
SPORTSEDTV, INC.